**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Ramone Mathis, | No. CV-25-02644-PHX-SMB |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

The Court now considers the Report and Recommendation ("R&R") (Doc. 25) of Magistrate Judge John Z. Boyle recommending that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and Petitioner's Motion for Summary Judgment (Doc. 13) be denied. After careful consideration of the record the Court: **adopts** the Report and Recommendation; **denies** Petitioner's Petition for Writ for Habeas Corpus; and **denies** Petitioner's Motion for Summary Judgment.

## I.    BACKGROUND

After a jury trial in Arizona state court, Petitioner was convicted of first-degree murder, drive-by shooting, attempted first-degree murder, and aggravated assault. (Doc. 25 at 2.) Petitioner sought post-conviction relief which the trial court dismissed. (*Id.*) Petitioner then filed an appeal and the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (*Id.*) Petitioner again sought post-conviction relief which was denied by the trial and appellate courts. (*Id.*) The Arizona Supreme Court declined review of Petitioner's claims. (*Id.*) Thereafter, Plaintiff filed the present Petition. Petitioner raises

four grounds for relief:

> (1) The State failed to disclose impeaching evidence that was in possession of the investigative agency, to which the State had access, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and Petitioner's Fifth, Sixth, and Fourteenth Amendment rights.

> (2) There was prosecutorial misconduct, which violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights, because the prosecutor used perjured testimony by introducing testimony in the grand jury hearing that was perjured, and then allowed it to go on uncorrected.

> (3) There was prosecutorial misconduct, which violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights because the conviction was obtained as a result of prosecutorial misconduct, which so infected the trial with unfairness as to make the resulting conviction a violation of due process. According to Petitioner, the prosecution used Rule 607 as subterfuge to avoid the hearsay rule in order to elicit otherwise inadmissible impeachment testimony.

> (4) Petitioner received ineffective assistance in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

(Doc. 6 at 2 (citation modified).) The R&R reports that found one, two, and three are procedurally defaulted. (Doc. 25 at 1.) The R&R reports that ground four was appropriately rejected by the Arizona Court of appeals. (*Id.*)

## II.    LEGAL STANDARD

The Court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "If, following review, the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Schweitzer v. Old Republic Gen. Ins. Co.*, No. CV-24-00440-TUC-SHR, 2026 WL 850491, at *1 (D. Ariz. Mar. 27, 2026) (citation modified). The Court has "no obligation to provide individualized analysis of each objection." *United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023). Objections are not "a second opportunity to present the arguments already considered by the Magistrate Judge." *Schweitzer*, 2026 WL 850491, at *1 (citation

modified).  "The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "there is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge."  *Id.* (citation modified)

**III.    DISCUSSION**

The Court undertook a novo review the record including the R&R, the Petition, the Motion and corresponding briefing, Petitioner's Objection to the R&R (Doc. 26), and Petitioner's Motion to Supplement Case Authority (Doc. 27).  Based on this de novo review, the Court adopts the R&R in full.  An exhaustive recapitulation of the R&R and Petitioner's objections are unnecessary.  *See Ramos*, 65 F.4th at 434.  The Court notes that Petitioner seemingly does not object to the R&R's treatment of this Motion for Summary Judgment.  *See Schweitzer*, 2026 WL 850491, at *1 ("The Court is obligated to review only the specific portions of the report, proposed findings, or recommendations to which the parties object." (citing § 636(b)(1)).)

The Court also notes that Petitioner asks for this Court to consider the Supreme Court's decisions in *Glossip v. Oklahoma*, 604 U.S. 226 (2025) (decided on February 25, 2025) and *Andrew v. White*, 604 U.S. 86 (2025) (decided on January 21, 2025).  (Doc. 27 at 1.)  Petitioner contends that these "two new case authorities were published in December 2025"—the same month as his "writ for habeas corpus reply"—and "expanded federal law to overcome alleged procedural default regarding 'Napue' violations."  (*Id.*)  Plaintiff is mistaken because both authorities were published even prior to Petitioner filing his Petition in July 2025.  (Doc. 1.)  Nonetheless, neither *Glossip* nor *Andrew* require a different outcome here.

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED** Petitioners Objections (Doc. 26) are **overruled** and the R&R (Doc. 25) is **adopted in full**

///

**IT IS THUS ORDERED denying** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and Motion for Summary Judgment (Doc. 13).

Dated this 2nd day of July, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge